NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 4 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30168 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00167-TOR-2 |
| v. | |
| JASON JOEL OBERMILLER, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30170 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00168-TOR-26 |
| v. | |
| JASON JOEL OBERMILLER, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted November 8, 2019**
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOULD and NGUYEN, Circuit Judges, and PRESNELL,[***] District Judge.

After pleading guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 846 and one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), Jason Obermiller was sentenced to 90 months of imprisonment. In a companion case, he was sentenced by the same judge to a consecutive sentence of 36 months of imprisonment for violating the terms of his supervised release on an earlier conviction.[1] He appeals from those sentences, and he also appeals the district court's refusal to disqualify one of the prosecutors assigned to the methamphetamine case. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Prior to his pleas in the methamphetamine case, Obermiller had been acquitted of murder in state court. The husband of one of the prosecutors in Obermiller's methamphetamine case testified as an expert witness during the state murder trial. Obermiller sought to have the prosecutor disqualified, but the only evidence he could point to for doing so was the existence of the marriage. Standing

---

[***] The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

[1] The Sentencing Guidelines ranges for those sentences were 77-96 months and 30-36 months, respectively.

alone, the fact that a prosecutor is married to an expert witness in an unrelated case involving the same defendant does not give rise to any sort of conflict that might warrant disqualification. The district court did not abuse its discretion in denying the motion to disqualify.

2. Obermiller also contends that his 126-month combined sentence is excessive when compared to the sentences given to the other participants in the conspiracy. 18 U.S.C. § 3553(a)(6). But he ignores the other sentencing factors as well as significant distinctions between his circumstances and those of the other defendants. These distinctions include his more extensive criminal history, his failure to take advantage of a previous "second chance" provided by the same judge, and his lack of cooperation with the Government. The district court did not abuse its discretion in imposing a reasonable sentence just below the top of the Sentencing Guidelines range.

3. Finally, Obermiller argues that he was the victim of prosecutorial vindictiveness, but he provided no evidence of it. The district court did not err in rejecting this argument.

**AFFIRMED.**

18-30168